UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOUTHEASTERN HOSPITALITY PARTNERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 22-3771** |
| **INDEPENDENT SPECIALTY INSURANCE CO.** | **SECTION: "B"(4)** |

## ORDER AND REASONS

Before the Court is a "motion to compel arbitration and to stay, or alternatively, dismiss the proceedings" (R. Doc. 28) filed on August 18, 2023 by defendant Independent Specialty Insurance Company ("Defendant"). With leave of court,[1] defendant also filed a notice of additional cases from this District.[2] Untimely by over 100 days after its due date and without leave of court, plaintiff Southeastern Hospitality Partners, LLC ("Plaintiff") filed an opposition to the motion to compel arbitration.[3] The latter pleading was ordered stricken for its untimeliness.[4] For the reasons assigned below,

    **IT IS HEREBY ORDERED** that defendant's motion to compel arbitration and to stay (R. Doc. 28) is **GRANTED**;

    **IT IS FURTHER ORDERED** that this case be **ADMINISTRATIVELY CLOSED without prejudice** to the parties' rights to timely file a motion to reopen consistent with the following order; and

---

[1] R. Doc. 38
[2] R. Doc. 39
[3] R. Doc. 40
[4] R. Doc. 45

1

**IT IS FURTHER ORDERED that no later than thirty (30) days after the conclusion of the arbitration proceedings**, the parties shall file a motion to reopen this case and lift the stay order, or a joint motion to voluntarily dismiss.  **Failure to timely comply with this order may lead to sanctions, including dismissal of petition or defenses, without further notice.**  *See* Fed. R. Civ. P. 41(b).[5]

## BACKGROUND

This case arises out of an insurance coverage dispute following Hurricane Ida's landfall in August 2021, which caused alleged damage to plaintiff's commercial property in Harvey, Louisiana (the "Property").[6]  Defendant provided plaintiff with a surplus lines insurance policy bearing Policy No. VVX-CU-705736 (the "Policy") insuring the property against loss and damage caused by the elements.[7]  The policy was in full force and effect at the time of the covered loss events that are the subject of the instant lawsuit.[8]  The policy contains an arbitration clause (hereinafter, the "Arbitration Agreement") mandating that:

> All matters in dispute between you and us (referred to in this policy as 'the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal . . .[9]

In August 2022, plaintiff filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson.[10]  Plaintiff asserted claims for breach of contract and bad faith.[11]  In October 2022, the case was removed to this Court.[12]  Approximately seven months later, on May 17, 2023,

---

[5] The instant orders are made applicable to the related case of Rahim, et al vs. Independent Specialty Insurance Company, No. 22-5231 (E.D. of La.) and substantially same motion in that case at R. Doc. 21.
[6] See R. Doc. 1-1.  The specific address is: 1611 Elton Court Road Harvey, LA, 70058.  Id. at ¶ 2.
[7] See R. Doc. 28-1 at 2 n. 6 (citing R. Doc. 15-3)
[8] Id. at 1–2; see also R. Doc. 1-1 at ¶ 3
[9] R. Doc. 28-1 at 2–3 n. 8 (citing 15-3 at 35–36)
[10] See generally R. Doc. 1-1; see also R. Doc. 28-1 at 4 (citing R. Doc. 1-1)
[11] R. Doc. 1-1 at ¶¶ 26–35
[12] R. Doc. 1

defendant filed its first motion to compel arbitration and to stay.[13] Upon plaintiff's request[14] this Court dismissed, without prejudice, the latter motion to allow mediation of claims.[15] Plaintiff did not address the timeliness or merits of the arbitration motion. After mediation failed, defendant filed the instant motion to re-urge arbitration and stay.[16] It argues there is a valid and enforceable arbitration clause in the policy.[17] As noted earlier, plaintiff's untimely opposition to the motion was struck from the record.[18]

### LEGAL STANDARD

A two-step analysis governs whether parties should be compelled to arbitrate a dispute. *See, e.g.*, *Jones v. Halliburton Co.*, 583 F.3d 228, 233–34 (5th Cir. 2009); *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257–58 (5th Cir. 1996). Under that two-step analysis, the Court must first determine "whether the parties agreed to arbitrate the dispute in question." *Webb*, 89 F.3d at 257–58.[19] If the Court finds the parties agreed to arbitrate the dispute in question under the first step of the analysis, it must then proceed to the second step of the analysis and "determine whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Id.*; *see also Jones*, 583 F.3d at 234 (noting that under the second step, courts "ask whether any federal statute or policy renders the claims nonarbitrable." (Quoting *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008)). We discern no external federal statute or policy constraint that

---

[13] R. Doc. 15
[14] R. Doc. 16
[15] R. Doc. 19
[16] R. Doc. 28; see also R. Doc. 41-1 at 2–3
[17] R. Doc. 28
[18] *See* R. Doc. 44 (Motion to Strike); R. Doc. 45 (Order). Because plaintiff filed an untimely opposition, the Court deemed defendant's motion as unopposed, and we may grant the motion if it has merit. *See Braly v. Trail,* 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001) (applying standard to summary judgment motion); *Crescent City Brewhouse, Inc. v. Indep. Specialty Ins. Co., Inc.*, No. 23-7366, 2024 WL 640005, at *2 (E.D. La. Feb. 15, 2024) (Lemelle, J.) (applying same standard in context of motion to compel arbitration).

[19] The first step of the analysis involves two separate inquiries, which are addressed *infra*.

3

would foreclose arbitration under the second step of the analysis cited above.[20] However, that does not foreclose consideration of any if found during the arbitration proceedings. Accordingly, we will proceed to the first step of the analysis.

## LAW AND ANALYSIS

### The Parties Agreed to Arbitrate the Dispute

We find that under the first step, the parties agreed to arbitrate the dispute in question. The first step involves two separate inquiries: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb*, 89 F.3d at 257–58. "To determine whether the parties formed a valid agreement to arbitrate [under the first inquiry], courts apply ordinary principles of state contract law." *Broussard v. First Tower Loan, LLC*, 150 F. Supp. 3d 709, 721 (E.D. La.2015) (first citing *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537–38 (5th Cir.2003); and then citing *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524, 531 (5th Cir. 2000)). In analyzing whether the dispute in question falls within the scope of an arbitration agreement, "courts apply federal substantive law," and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id*. (first citing *Grigson*, 210 F.3d at 531; and then citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 – 25 (1983)).

**However**, when the Arbitration Agreement contains a valid delegation clause—i.e., a clause delegating the scope determination (arbitrability) to the arbitrator—the second inquiry of the Court's analysis under the first step changes:

> [I]f the party seeking arbitration points to a purported delegation clause, the court's analysis is limited. It performs the first step—an analysis of contract formation—as it always does. But the only question, after finding that there is in fact a valid agreement, is whether the purported delegation clause is in fact a delegation

---
[20] The instant motion focuses only on the first step. See R. Doc. 28-1 at 5–9.

clause—that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated. If there is a delegation clause, the motion to compel arbitration should be granted in almost all cases.

*Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016).

We will address the contention that the Arbitration Agreement contains a valid and enforceable delegation clause.[21] Accordingly, we will determine first, whether the parties entered into a valid agreement to arbitrate; and second, whether that agreement actually does contain a delegation clause that requires the arbitrator to rule on threshold arbitrability issues.

### There is a Valid Agreement to Arbitrate Between the Parties

There is a valid agreement to arbitrate between the parties under Louisiana contract law,[22] which requires (1) capacity to contract; (2) consent; (3) lawful cause; and (4) a valid object, *Beachcorner Properties, LLC v. Indep. Specialty Ins. Co.*, No. 23-1287, 2023 WL 7280516, at *3 (E.D. La. Nov. 3, 2023). Plaintiff's untimely opposition argues La. Rev. Stat. § 22:868(A) prevents arbitration and the motion seeking same is itself untimely or waived for other reasons.[23]

Indeed, § 22:868 provides that no insurance contract covering subjects located in the state shall include a provision "[d]epriving the courts of this state of the jurisdiction or venue of action against the insurer." The Louisiana Supreme Court has held that § 22:8686(A) prohibits arbitration provisions in insurance contracts. *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So. 2d 1383,

---

[21] See R. Doc. 28-1 at 6
[22] Indeed, Plaintiff alleges in its state court petition that the Policy containing the Arbitration Agreement "was in full force and effect" at "all times relevant" to this litigation. R. Doc. 1-1 at ¶ 3. And Defendant argues that all four Louisiana contract requirements were met:

> [Plaintiff] submitted a signed application for insurance. [Defendant] offered to provide coverage, subject to certain terms and conditions. [Plaintiff] accepted the offer by signing the quote and paying the premium. The insurance contract, including the Arbitration Agreement, was issued to [Plaintiff]. Put together, [Plaintiff], an entity with capacity, consented to the terms of the insurance Policy, which is a legal cause and valid object.

R. Doc. 28-1 at pp. 5–6.
[23] See R. Doc. 40 at pp. 2-4 and 6-7. The timeliness of seeking arbitration will be discussed *infra*. Whether an alleged appraisal agreement setting forth the value of property or amount of property loss impacts arbitrability is an issue under the delegation clause suitable for consideration by the arbitrator.

5

1384 (La. 1982). Defendant points out that § 22:868(D) provides an exception to Louisiana's prohibition against arbitration clauses for surplus insurers like defendant.[24] Section 22:868(D) provides that "[t]he provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance."

Contrary to plaintiff's reliance or interpretation of a January 2022 statement by Louisiana's Insurance Commissioner,[25] we find as Judge Ashe found in November 2023 that "[s]urplus lines policies [like the one at issue here] are not subject to approval by the Department of Insurance." *See Beachcorner Props.*, 2023 WL 7280516, at *5. Additionally, other sections of this District have concluded that an arbitration clause is a "forum or venue selection clause" under the terms of § 22:868(D). For a more recent application of the law, see Judge Milazzo's decision in *Carrollton St. Properties, LLC v. Independent. Specialty Insurance. Co.*, for an excellent synopsis of the relevant case law. No. 23-4701, 2024 WL 404955, at *2–3 (E.D. La. Feb. 2, 2024) (Milazzo, J.). "In total, at least nine sections of this Court [including ours in *Ramsey v. Independent Specialty Insurance Co.*] have agreed that Louisiana law recognizes an arbitration clause as a type of forum selection clause and therefore under § 22:868(D) surplus lines insurers are not prohibited from including arbitration clauses in their policies." *Id.* at 3 n.15 (collecting cases); *see also Ramsey v. Indep. Specialty Ins. Co.*, No. 23-0632, 2023 WL 5034646, at *5 (E.D. La. Aug. 8, 2023) (Lemelle, J.) (taking an *Erie* guess and finding that "recent authority suggests that the Supreme Court of Louisiana considers arbitration clauses to be a subset of forum selection clauses, and this Court is therefore bound by such interpretation."). We do not stray from our finding in *Ramsey* nor the findings of other sections in this district that followed. Accordingly, "the Court holds that the instant arbitration clause is not precluded by . . . § 22:868 and is therefore enforceable against

---

[24] See R. Doc. 28-1 at p. 7
[25] R. Doc. 40-5

plaintiffs as a valid agreement to arbitrate between the parties." *Ramsey*, 2023 WL 5034646, at *5.[26]

### The Parties' Arbitration Agreement Contains a Valid Delegation Clause

As mentioned *supra*, defendant contends that the Arbitration Agreement contains a valid delegation clause.[27] If there is a valid delegation clause, the Court does not address the second inquiry under the first step, i.e., whether the dispute in question falls within the scope of the Parties' Arbitration Agreement. *Kubala*, 830 F.3d at 202. Accordingly, we must determine whether the Parties' Arbitration Agreement actually does contain a delegation clause.

In our opinion, the Arbitration Agreement has the following relevant albeit broad delegation clause: "**All matters in dispute** between you and us . . . shall be referred to an Arbitration Tribunal . . .".[28] (Emphasis added). In *Beachcorner Properties, LLC v. Independent Specialty Insurance Company*, another section in this district also found that an arbitration agreement containing identical language was a valid delegation clause. 2023 WL 7280516, at *4 (Ashe, J.). *See also Broussard*, 150 F. Supp. 3d 709, 724 (E.D. La.2015) (Barbier, J.) ("Arbitration clauses containing the 'all dispute' language" delegate the arbitrability inquiry to the arbitrator). Based on that case law, we also find that a plain reading of the foregoing language in the subject Arbitration Agreement constitutes a valid delegation clause, leaving the second inquiry of the first step—whether the dispute in question falls within the scope of the parties' arbitration agreement—to the arbitrator.

---

[26] The La. R.S. 22:868(A) issue has been addressed by some courts under the first inquiry of the first step, as we did, and some considered it under the second step. *See e.g.*, *Crescent City Brewhouse, Inc. v. Indep. Specialty Ins. Co., Inc.*, CV 23-7366, 2024 WL 640005, at *2 (E.D. La. Feb. 15, 2024) (Lemelle, J.); *Ramsey*, 2023 WL 5034646 and *Beachcorner*, 2023 WL 7280516, at *7 (Ashe, J.). We find under either step or under analysis of Louisiana legislation at issue, the result here would be the same.

[27] See R. Doc. 28-1 at 6 ¶ 2
[28] See R. Doc. 28-1 at p. 6

Because the arbitration clause is valid and contains a delegation clause, . . . the first prong of the analysis for compelling arbitration is met. There are no statutory or policy constraints external to the parties' agreement foreclosing arbitration.

Interestingly, plaintiff belatedly claims that the instant arbitration motion is untimely, but neglects to mention that in response to an earlier filed motion to compel arbitration plaintiff requested continuance of the submission date of the motion to allow parties to mediate.[29] In that same response, plaintiff unequivocally states "parties have been working diligently to resolve this matter…that it will take [plaintiff] considerable time and effort to brief and respond to the motion…"[30] It is also disconcerting to plaintiff's cause where multiple prior failures to comply with rules and instructions designed to facilitate the case's progression led to orders directing plaintiff to show cause why sanctions should not be imposed for such failures,[31] including a warning that future failures will not be treated so favorably.[32] Lastly, there was even a failure to respond to the motion to strike its opposition. Under the foregoing circumstances, we reject the contention that the motion to compel arbitration is untimely.

In finding the two-step analysis for compelling arbitration is satisfied, without relevant impediments, the parties are thereby compelled to proceed before an arbitrator for further proceedings.

### This Matter is Stayed Pending Resolution of the Arbitration Proceedings

Lastly, the instant motion also seeks to stay this matter pending arbitration.[33] Pursuant to 9 U.S.C. § 3, the Court "shall on application of the parties stay the trial of the action until such

---

[29] See Rec. Docs. 15 (Motion to compel arbitration, filed May 17, 2023) and 16 (Plaintiff's response to same)
[30] See Rec. Doc. 16 at pp. 1-2
[31] See R. Docs. 19 and 34
[32] See R. Doc. 36
[33] See R. Doc. 28-1 at p. 8

arbitration has been had in accordance with the terms of the agreement." Accordingly, this matter must be stayed pending resolution of the arbitration proceedings.

New Orleans, Louisiana this 19th day of March, 2024

Senior United States District Judge